Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed August 22, 2006








 

Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed August
22, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00537-CV

____________

 

IN RE CARRIE BETH BENNETT, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

  M E M O
R A N D U M   O P I N I O N

This is
an original proceeding stemming from a divorce action.  Relator
Carrie Beth Bennett seeks a writ of mandamus ordering the respondent, the
Honorable K. Randall Hufstetler, presiding judge of the 300th District Court,
Brazoria County, Texas, to vacate his order dated May 31, 2006, granting a
motion to disqualify relator=s attorney.   We conditionally grant the writ. 

Facts








Relator=s attorney in the divorce suit,
Marion Allen, is also her father.  Real party in interest Jeremy Bennett,
relator=s spouse, filed a motion to
disqualify Allen, claiming he is a party to Abusiness relationships@ with Jeremy and was identified in
relator=s discovery responses as a person
with knowledge of relevant facts.  Jeremy also claimed that Allen has a
conflict of interest because he represented the parties concerning a lease
agreement on property which is at issue in the divorce.  After conducting a
hearing, the trial court granted Jeremy=s motion to disqualify Allen, and
relator filed this original proceeding.     

Standard of Review  

Mandamus
is an extraordinary remedy that will issue to correct a clear abuse of
discretion and, generally, only when the relator lacks an adequate appellate
remedy.  In re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 2002).  A
party lacks an adequate appellate remedy if his counsel is disqualified.  Id. 
Because disqualification is considered a severe remedy that results in Aimmediate and palpable harm,@ courts hold that mandamus relief is
available.  See Schwartz v. Jefferson, 930 S.W.2d 957, 959 (Tex. App.CHouston [14th Dist.] 1996, orig.
proceeding).  

When
alleging a trial court abused its discretion in resolving factual issues, a
relator must show that the trial court could reasonably have reached only one
decision.  See Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  As to
the determination of legal principles, an abuse of discretion occurs if the
trial court clearly fails to analyze or apply the law correctly.  Id.  
A trial court does not abuse its discretion if it bases its decision on
conflicting evidence and some evidence supports its decision; however, an abuse
of discretion occurs when the trial court=s decision is contrary to the only
permissible view of the evidence.  See In re Barber, 982 S.W.2d 364, 366
(Tex. 1998); Walker, 827 S.W.2d at 840. 

Discussion








In her
petition, relator argues that the trial court abused its discretion in
disqualifying Allen because Jeremy failed to present any evidence to support
disqualification.  Relator asserts that the only actual ground for
disqualification alleged by JeremyBBAllen=s co-ownership interest in a power
washer that has disappearedBBis not supported by any evidence.  Further, she contends that
even if Allen were called to testify, the power washer is not an essential
issue in the divorce suit.   

In a
disqualification case, our analysis begins with the premise that disqualification
is a severe measure which can result in immediate harm because it deprives a
party of his chosen counsel and disrupts court proceedings.  In re Nitla,
92 S.W.3d at 423.  Because of its severity, courts must adhere to Aan exacting standard so as to
discourage the use of a motion to disqualify as a dilatory trial tactic.@  In re Butler, 987 S.W.2d
221, 224 (Tex. App.CHouston [14th Dist.] 1999, orig. proceeding).  The burden is
on the movant to establish with specificity the grounds for disqualification.  See
In re Sanders, 153 S.W.3d 54, 56 (Tex. 2004).  Mere allegations of
unethical conduct or evidence showing a Aremote possibility of a violation of
the disciplinary rules will not suffice under this standard.@  Id. 








The
Disciplinary Rules, although not controlling in disqualification decisions, 
provide guidelines relevant to a disqualification determination.  See id.  In
their briefs, both parties discuss Disciplinary Rule of Professional Conduct
3.08.  See Tex. Disciplinary R.
Prof=l Conduct 3.08, reprinted in Tex. Gov=t Code, tit.
2, subtit. G app. A (Vernon 2005) (Tex.
State Bar R. art. X, ' 9).  Under that rule, a lawyer is prohibited from acting as
both an advocate and a witness in an adjudicatory proceeding when the lawyer is
or may be a witness necessary to establish an essential fact.[1] 
See id.; In re Sanders, 153 S.W.3d at 56.  But, the fact that a
lawyer serves as both an advocate and a witness does not in itself compel
disqualification.  In re Sanders, 153 S.W.3d at 57.  ADisqualification is only appropriate
if the lawyer=s testimony is >necessary to establish an essential fact.=@  Id. (quoting Tex. Disciplinary R. Prof=l Conduct 3.08).  For this reason, the party seeking disqualification
must demonstrate that the opposing lawyer=s dual roles as attorney and witness
will cause that party actual prejudice.  Id.  

At the
hearing on the motion to disqualify,[2] two grounds
for disqualification were presented: (1) Allen represented relator and Jeremy
regarding a lease agreement on Jeremy=s separate property and relator
asserts an economic contribution claim on that property in the divorce; and (2)
there is joint ownership of the missing power washer, and Jeremy believes it is
in Allen=s possession.  The only witness to
testify at the hearing was Allen.  He stated he owned the power washer at one
time, along with relator and Jeremy, but it has since disappeared.  He also
stated that the power washer was purchased years ago, its whereabouts are
unknown, and he does not have it in his possession.  Further, he denied that
the power washer was an essential issue in the divorce, noting that neither
party had listed it in their inventory.  At the conclusion of the hearing, the
trial judge stated he was granting the disqualification motion, noting: 








there exists a relationship between the parties and
[Allen] with regard to matters that will be presented to the Court, . . . with
regard to property, in that that (sic) relationship is a substantial
relationship that would go beyond mere presenting a blank lease, because of the
issues that would be involved . . . but there are genuine issues that are
before this Court regarding the division of property that could create and will
create a potential threat for genuine revelation of prior confidences.

When Allen questioned the
court as to his alleged representation of Jeremy regarding the lease on the
separate property, the court stated AI=m not finding that there was
representation by you of [Jeremy or relator] in the lease,@ based on Allen=s testimony.  The court then stated
that Allen=s joint ownership of the power washer is a sufficient basis for
disqualification because there is a Avalid dispute@ concerning that property.  When
asked if the pressure washer was the only issue, the trial court responded as
follows:

THE COURT:  No.  The other issue is the communications that you have
had throughout the years since 1997 to today=s
date.  You also have a claim for economic contribution on behalf of your client
with regard to [Jeremy=s] separate property.  That=s an issue.

ALLEN: But this Court does not find that there has BB is or has ever been an attorney-client relationship
between me and [Jeremy]. 

THE COURT: No.  With regard to the BB
the only issue that was presented BB I=m not going to say Aever@ because the only issue that was presented was with
regard to that lease.

****

THE COURT: I=m not finding that there=s an attorney-client privilege, an
attorney-client relationship there because you didn=t have any communication with him at
all.








As
relator argues, there is no indication in the record how Allen=s testimony concerning the power
washer is necessary in the case or that it goes to an Aessential element@ of the case.  Allen testified that
he did not have the power washer in his possession, he does not know when it
disappeared or where it is, and neither party has listed it as property in the
divorce proceedings.[3]

Conclusion

Because
Jeremy did not show that Allen=s testimony was necessary to establish an essential element
in the divorce action and the trial court found there was no attorney-client
relationship regarding the lease on Jeremy=s separate property, recognizing the
severity of disqualification, we conditionally grant relator=s petition for writ of mandamus
directing the trial court to vacate its order disqualifying Allen as counsel
for relator.  The writ will issue only if the trial court fails to vacate its
order.

Finally,
trial in the divorce case is scheduled to begin on August 28, 2006.  Relator
filed a motion to stay the trial court proceedings, claiming she would suffer
an undue hardship if forced to go to trial without the benefit of an attorney
of her choice.  In light of our disposition of relator=s mandamus petition, her motion to
stay is rendered moot.  We are confident the trial court will comply with this
opinion.        

 

PER
CURIAM

Petition Conditionally Granted and Memorandum Opinion
filed August 22, 2006.

Panel consists of Justices Hudson, Fowler and Seymore









[1]Rule 3.08(a) provides as follows:

A lawyer shall not accept or continue employment as an
advocate before a tribunal in a contemplated or pending adjudicatory proceeding
if the lawyer knows or believes that the lawyer is or may be a witness
necessary to establish an essential fact on behalf of the lawyer=s client, unless:     

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of
formality and there is no reason to believe that substantial evidence will be
offered in opposition to the testimony;

(3) the testimony relates to the nature and value of
legal services rendered in the case;

(4) the lawyer is a party to the action and is
appearing pro se;  or

(5) the lawyer has promptly notified opposing counsel
that the lawyer expects to testify in the matter and disqualification of the
lawyer would work substantial hardship on the client.

Tex. Disciplinary R. Prof=l
Conduct 3.08.





[2]Jeremy filed a response to the petition and a motion
to strike several of relator=s attached
exhibits, claiming the documents were not before the trial court at the time of
the hearing on the motion to disqualify.  See In re Bristol-Myers Squibb Co.,
975 S.W.2d 601, 605 (Tex. 1998) (stating mandamus review requires a Afocus on the record that was before the court@).  We deny Jeremy=s
motion to strike, but note that, in our consideration of the petition for writ
of mandamus, we have considered only the evidence and affidavits that were
properly part of the record in this case.





[3]Relator also argues that there is no evidence that
Allen represented the parties when they leased Jeremy=s separate property.  Although the trial court=s comments concerning its ruling may suggest
disqualification was based in some part on a perceived relationship between
Jeremy=s separate property and relator=s economic contribution claim, see Tex. Disciplinary R. Prof=l
Conduct 1.09(a) (AWithout prior consent, a lawyer who personally has
formerly represented a client in a matter shall not thereafter represent
another person in a matter adverse to the former client . . . (3) if it is the
same or a substantially related matter@),
the trial court expressly stated it did not find that Allen had represented
either of the parties regarding that matter, and thus, it is not a basis for
the court=s disqualification ruling.