The Honorable Carolyn H. SPEARS,
Judge, and Jesse Casias, Relators,

v.

The FOURTH COURT OF
APPEALS, Respondent.

No. C–9782.

Supreme Court of Texas.

Oct. 24, 1990.

Bernard W. Fischman, Bruce M. Miller, San Antonio, for relators.

Jim Mattox, Lynette Phillips, Austin, Jerry L. Shiely, San Antonio, Delmar L. Cain, Austin, for respondent.

## OPINION

DOGGETT, Justice.

We consider whether an attorney and his firm are disqualified from representing a client against a state agency that previously employed another attorney now working for the firm. The court of appeals found that the trial court's refusal to order disqualification constituted an abuse of discretion and conditionally granted writ of mandamus. 790 S.W.2d 55. We conditionally grant the petition for writ of mandamus seeking to vacate the court of appeals' judgment.

Margaret Maisel served as chairman of the Industrial Accident Board (IAB) from August 1984 until October 1985. Nine days before her tenure ended, Jesse Casias allegedly sustained an injury at the IAB's San Antonio office when a chair collapsed underneath him while he attended a prehearing conference. William Treacy, the IAB's executive director, informed Maisel of the incident. Maisel testified that after receiving this report, she instructed Treacy to ensure the inspection of all chairs in the IAB's offices statewide.

After leaving government service, Maisel joined the law firm of Tinsman & Houser as a salaried attorney. There she undertook to represent Casias in his worker's compensation action for injuries sustained while attending the IAB hearing on his employer's behalf. Another attorney at that firm, Bruce Miller, represented Casias in his suit against the IAB under the Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001–101.109 (Vernon 1986 &

Supp.1990). In the latter action, from which this mandamus proceeding arises, the IAB denied receipt of notice under the Act essential to Casias's ability to bring suit. *Id.* § 101.101. The IAB maintains that it first learned of Maisel's knowledge relevant to the issue of notice when Treacy's deposition was taken in August 1989. The State nonetheless did not file a motion to disqualify Miller and the firm of Tinsman & Houser until January 2, 1990, six days before the scheduled trial date.[1]

The basis of the disqualification motion was two-fold. First, the State asserted that as statutory legal advisor to the IAB, *see* Tex.Rev.Civ.Stat.Ann. art. 8307, § 2(a) (Vernon Supp.1990), Maisel represented the IAB in connection with the Casias injury. The motion alleged that this alleged conflict of interest barred both Miller and his firm from representing Casias against Maisel's former client under Rules 1.09 and 1.10 of the Texas Disciplinary Rules of Professional Conduct.[2] Second, the State contended that Maisel was a necessary witness at trial on the question of notice, and that Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct (1989) thus required disqualification of Miller and his firm.

■ The Texas Disciplinary Rules of Professional Conduct were adopted by the State Bar of Texas to establish the "minimum standards of conduct below which no lawyer can fall without being subject to disciplinary action." Tex.Disciplinary Rules of Prof. Conduct preamble ¶ 7 (1989). While the disciplinary rules are not controlling as standards governing motions to disqualify, *see id.*, ¶ 15, they have been viewed by the courts as guidelines that articulate considerations relevant to the merits of such motions. *Ayres v. Canales,* 790 S.W.2d 554, 556 n. 2 (Tex.1990, orig. proceeding); *see NCNB Tex. Nat'l Bank v. Coker,* 765 S.W.2d 398, 399 (Tex.1989, orig. proceeding). The parties have not offered any countervailing considerations as to why the disciplinary rules should not be similarly employed in this proceeding.

■ Disqualification is a severe remedy. *NCNB Tex. Nat'l Bank v. Coker,* 765 S.W.2d at 400. The courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic. *Id.* at 399. Thus, the burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules. *See id.* at 400. Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under this standard. *See id.*

■ Based on the evidence offered by the State to establish a disqualifying conflict of interest, we cannot conclude that the trial court abused its discretion in refusing disqualification.[3] Much of the briefs of the parties and the court of appeals' opinion is devoted to the question of whether Maisel's prior representation of the IAB and the pending suit constitute "substantially related" matters mandating disqualification under Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct. Yet, by its own terms, that rule is not applicable. The interpretive comments to that rule provide that:

> Whether a lawyer, or that lawyer's present or former firm, is prohibited from representing a client in a matter by reason of the lawyer's successive government and private employment is gov-

---

1. While we condemn the dilatory filing of motions to disqualify, we do not reach the question of whether, under the facts presented, the State's motion was dilatory or whether the late filing of a motion is alone sufficient to deny it.

2. Supreme Court of Texas, State Bar Rules art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) (1989) [hereinafter Tex. Disciplinary Rules of Prof. Conduct] (located in Volume 3 of the Texas Government Code in title 2, subtitle G app., following § 83.006 of the Government

Code). Neither party disputes that these rules, effective January 1, 1990, are applicable to the State's motion, filed January 2, 1990.

3. Despite the fact that the court of appeals conditionally granted mandamus, our focus remains on whether the trial court properly exercised its discretion in refusing to disqualify Miller and his firm. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985, orig. proceeding).

erned by Rule 1.10 rather than by this Rule.

Tex. Disciplinary Rules of Prof. Conduct, Rule 1.09 comment 1 (1989).

Rule 1.10, the governing standard, prohibits representation of a private client by a former government attorney in two circumstances: (i) when the subsequent representation involves "a matter in which the lawyer participated personally and substantially as a public officer or employee," unless the government agency consents, or (ii) when the subsequent representation is adverse to a legal entity about whom the lawyer acquired "confidential government information" while a public officer or employee. *Id.* Rule 1.10(a) and (c). This disqualification does not, however, extend to other members of the firm if the former government attorney is screened from any participation in the matter and is not apportioned any of the resulting fee.[4] *Id.* (b) and (d).

■ In applying Rule 1.10, the court of appeals concluded that as the IAB's "legal advisor, Ms. Maisel is presumed to have participated personally and substantially in the case." 790 S.W.2d at 59. While the predecessor to Rule 1.10, barring private employment in a matter in which a former government attorney had "substantial responsibility,"[5] might permit such a construction, the new rule does not. The rule applicable to successive government and private employment states explicitly that there must be *personal* and *substantial participation.* This "hands-on" involvement cannot be imputed based on title of office or the existence of statutory authority. The same is true on the question of whether Maisel had "confidential government information," as the rule operates only when the former government attorney

has "actual as opposed to imputed knowledge." Tex.Disciplinary Rules of Prof. Conduct, Rule 1.10 comment 7 (1989). Although our state legislature may adopt "revolving door" statutes that impose a presumption of conflict of interest by barring former employees of state agencies from representing certain clients before that agency for a specified time period, *see, e.g.,* Tex.Rev.Civ.Stat.Ann. art. 1446c § 6(i) (Vernon Supp.1990), there are none in effect applicable to Maisel.

■ The entire basis of the State's motion was Treacy's report of the chair collapse incident to Maisel nine days before she left the IAB, together with her instruction to check other chairs statewide. The trial court did not abuse its discretion in determining that this limited evidence presented by the State at the disqualification hearing did not establish that Maisel participated substantially and personally with respect to Casias's claim against the IAB or that she had actual confidential government information pertinent to that matter. The trial court properly concluded that the State did not meet its burden to prove unethical conduct arising from Maisel's successive government and private representations.

■ The alternative basis for disqualification rests on Maisel's knowledge on the question of notice, allegedly necessitating that she be called to testify at trial. The lawyer-witness rule bars continued representation in two instances:[6] (i) if "the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client," *id.* Rule 3.08(a),[7] and (ii) "if the lawyer believes that the lawyer will be compelled to furnish testimony that will be

---

4. There is nothing in the limited record before us to indicate whether Maisel was screened from participation in the Tort Claims Act action against the IAB. Because we hold that Maisel did not participate substantially and personally in the representation of the IAB against Casias, we need not reach the question of whether her firm would be vicariously disqualified.

5. Supreme Court of Texas, Code of Professional Responsibility, DR 9–101(B) (1984).

6. *See* Wise, *The Lawyer–Witness Rule: A Comparison of a Lawyer's Ability to be Both a Witness and an Advocate Under the Texas Code of Professional Responsibility and the Texas Disciplinary Rules of Professional Conduct,* 31 S.Tex. L.Rev. 651 (1990).

7. The rule sets out certain exceptions. *See* Tex. Disciplinary Rules of Prof. Conduct, Rule 3.08(a)(1)–(5) (1989).

substantially adverse to the lawyer's client, unless the client consents after full disclosure." *Id.* (b). Disqualification of a lawyer does not extend to other members of the firm if the client consents after full disclosure. *Id.* (c). There is nothing in the limited record filed with the court that would show whether or not Casias has consented to continued representation by Miller and the firm of Tinsman & Houser after full disclosure of the alleged potential need for Maisel to testify at trial.

 Because neither party contends that Maisel's testimony, if in fact she is called to testify, would be adverse to Casias, we evaluate the motion under paragraph (a) of the rule. While this rule is not intended as a standard for procedural disqualification, it may provide guidance in those cases in which the movant can demonstrate actual prejudice as a result of the dual roles of lawyer and witness. *Id.* comments 9 and 10. The comments, however, vehemently discourage the use of motions to disqualify as tactical weapons, as well as the unnecessary calling of an opponent's lawyer as a witness to invoke the rule's prohibition. *Id.* comment 10.

The State's motion has all the appearances of a tactical weapon and lacks proof that Maisel is a necessary witness in this action. Counsel for Casias has stipulated that Maisel will not be called as a witness at trial. Nowhere in the record before this court has the State indicated an unqualified intent to have her testify. Instead, it submits that *if* Treacy's testimony at trial conflicts with his sworn deposition statement, it *might* be necessary to call Maisel as a rebuttal witness. The State does not contend that the testimony of Maisel and Treacy are currently in conflict but rests the need to disqualify on the *possibility* that a former state official *might* change his testimony at trial. Far from Maisel's being a necessary witness, the likelihood of her testifying at trial is remote. It is precisely this type of speculative and contingent allegation that we condemned in *NCNB Texas National Bank v. Coker,* 765 S.W.2d at 400, and that the rule would classify as a dilatory trial tactic.

We conditionally grant the petition for writ of mandamus. The writ will issue only if the court of appeals does not vacate its mandamus judgment.