**In re Bill Martin SANDERS.**

No. 04–0243.

Supreme Court of Texas.

Dec. 17, 2004.

Rehearing Denied Jan. 14, 2005.

Mary D. McKnight, Dallas, Lisa E. McKnight, Neal E. Young, for relator.

Julie H. Quaid, Charles J. Quaid, Quiad & Quaid, LLC, Dallas, for real party in interest.

Brad M. Lamorgese, Cooper & Scully, P.C., Dallas, for amicus curiae.

### PER CURIAM.

When a lawyer is or may be a witness necessary to establish an essential fact, Texas Disciplinary Rule of Professional Conduct 3.08 prohibits the lawyer from acting as both an advocate and a witness in an adjudicatory proceeding. In this divorce and child-custody dispute, the relator husband could not afford to pay his attorney and agreed to perform carpentry work on her law office to help defray his legal costs. Relator's wife moved to disqualify his attorney, claiming that, as the husband's employer, she had become a material fact witness in the case. We must decide whether the trial court abused its discretion in denying the wife's disqualification motion. We hold that it did not. Accordingly, we conditionally grant mandamus relief and direct the court of appeals to vacate its order directing the trial court to disqualify the husband's attorney.

Bill Sanders hired Mary McKnight to represent him in this divorce and child-custody proceeding. Because he could not afford to pay her fees based on his income as a land surveyor, Bill agreed to partially pay by performing remodeling work, after hours, on McKnight's law office. By letter dated April 14, 2003, McKnight informed Bill's wife, Joyce, of the arrangement whereby McKnight's billing was offset by the work that Bill performed. On August 29, 2003, one month before the scheduled trial date, Joyce filed a motion to disqualify McKnight, claiming that, "like all employers of parties in custody cases," she would be a material witness. The trial court denied Joyce's motion, but a divided court of appeals conditionally granted a writ of mandamus ordering McKnight's disqualification. 151 S.W.3d 211, 212. The court reasoned that the trial court abused its discretion in denying the motion to disqualify because McKnight's dual roles might confuse or mislead the fact-finder. *Id.* at 212. Bill now seeks mandamus relief in this Court.

 Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *See In re Epic Holdings, Inc.,* 985 S.W.2d 41, 52 (Tex.1998) (citing *Nat'l Med. Enters. v. Godbey,* 924 S.W.2d 123, 133 (Tex.1996)). In reviewing the court of appeals' decision, we focus on the trial court's ruling. *In re Meador,* 968 S.W.2d 346, 350 (Tex.1998). If the trial court did not abuse its discretion, it is error for the court of appeals to grant mandamus relief. *See id.* at 348. In determining whether the trial court abused its discretion with respect to resolution of factual matters, we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court also abuses its discretion if it fails to analyze or apply the law correctly. *Id.* at 840.

Disciplinary Rule 3.08 was promulgated as a disciplinary standard rather than one of procedural disqualification, but we have recognized that the rule provides guidelines relevant to a disqualification determination. *Anderson Producing Inc. v. Koch Oil Co.,* 929 S.W.2d 416, 421 (Tex.1996) (citing *Ayres v. Canales,* 790 S.W.2d 554, 556 n. 2 (Tex.1990)). The rule states in part:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer

knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. A (TEX. STATE BAR R. art. X, § 9).

 We have said that "[d]isqualification is a severe remedy." *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990). Disqualification is a measure that can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. *In re Nitla S.A. de C.V.,* 92 S.W.3d 419, 423 (Tex. 2002). Thus, "[m]ere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice" to merit disqualification. *Spears,* 797 S.W.2d at 656. The fact that a lawyer serves as both an advocate and a witness does not in itself compel disqualification. *See Ayres,* 790 S.W.2d at 557–58; *In re Chu,* 134 S.W.3d 459, 464 (Tex.App.-Waco 2004, orig. proceeding); *May v. Crofts,* 868 S.W.2d 397, 399 (Tex. App.-Texarkana 1993, orig. proceeding). Disqualification is only appropriate if the lawyer's testimony is "necessary to establish an essential fact." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a). Consequently, the party requesting disqualification must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice. *Ayres,* 790 S.W.2d at 558. Without these limitations, the rule could be improperly employed "as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 cmt. 10 (stating that a lawyer "should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness").

 Joyce asserts that McKnight's testimony is necessary to establish two essential facts. First, Joyce contends McKnight's testimony is needed to establish the extent of Bill's obligation to furnish handyman services to McKnight in the future. Joyce claims she plans to call McKnight to testify about Bill's employment schedule and whether it will affect his ability to care for the minor child or pay child support. Because she has sought disqualification, Joyce bears the burden of showing that McKnight's testimony is necessary. *Spears,* 797 S.W.2d at 656. Assuming such facts are "essential," as Joyce claims, she fails to explain why other sources revealed in the record, such as Bill's own testimony or McKnight's billing records, are insufficient to establish the nature and extent of Bill's obligation. Joyce has thus failed to show how McKnight's testimony is necessary, and we cannot say that the trial court abused its discretion in declining to disqualify McKnight on this basis. Joyce also claims that McKnight's testimony is necessary to establish whether Bill perjured himself in a temporary orders hearing in November 2002, when he testified that no barter ar-

rangement existed. McKnight testified that the arrangement commenced sometime in October 2002, although in a later hearing she claimed that it began "sometime close to Christmas [2002]." Joyce asserts that, if the earlier date is correct, Bill perjured himself at the temporary orders hearing and McKnight's testimony may be necessary to impeach him at trial. There was evidence, however, indicating that Bill's testimony reflected forgetfulness and uncertainty rather than intentional deception. Specifically, there was evidence that McKnight's offset arrangement was informal and evolved over time; at first, Bill paid McKnight cash, but as his funds waned he power-washed her residence in exchange for a one-time credit. Then, the record reflects, sometime in the fall of 2002, Bill entered into a more formal, verbal agreement to work off McKnight's fees. Both Bill and McKnight voiced uncertainty over precisely when the arrangement began. Indeed, McKnight's recollection of these events is so cloudy that any impeachment value her future testimony might provide is speculative at best.

We have stated that Rule 3.08 should not be used tactically to deprive the opposing party of the right to be represented by the lawyer of his or her choice, *Ayres,* 790 S.W.2d at 557, and have condemned disqualifications based upon "speculative and contingent allegation[s]." *Spears,* 797 S.W.2d at 658. In this case, Joyce failed to demonstrate that any testimony McKnight might provide is necessary to establish an essential fact, as the rule requires. We agree with the dissenting justice in the court of appeals that, "[i]n this bitterly contested divorce and custody case, the trial judge was in a much better position than the appellate court to evaluate the evidence, balance the competing interests, apply the law, and reach a decision." 151 S.W.3d at 213 (Whittington, J.,

dissenting). We cannot say, based on the record presented, that the trial court clearly abused its discretion in denying Joyce's disqualification motion.

Accordingly, without hearing oral argument, TEX.R.APP. P. 52.8(c), we conditionally grant the writ of mandamus and order the court of appeals to vacate its order directing the trial court to disqualify the relator's attorney. The writ will issue only if the court of appeals does not comply.