

*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★    ★ ★ ★

# OPINION

No. 04-09-00649-CV

**IN RE NINO SANDOVAL**,
Original Mandamus Proceeding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed: December 18, 2009

PETITION FOR WRIT OF MANDAMUS ABATED

On July 1, 2009, in the underlying proceeding, relator, Nino Sandoval, filed a motion to modify final orders in a suit affecting the parent-child relationship of his two children. The next day, Sandoval and his twelve-year-old son appeared in the law offices of Sandoval's attorney at which time the child signed a Choice of Managing Conservator By Child 12 Years or Older ("the Choice Document"), in which the child asked that his father serve as managing conservator. Sandoval's attorney, Adam Cardenas, Jr., notarized the document. That same afternoon, Sandoval filed an amended motion attaching the Choice Document. A jury trial was set to commence on August 10, 2009. On that date, Sandoval's former wife, Olivia Allen, filed a motion to disqualify Cardenas.

---

[1] This proceeding arises out of Cause No. 2003-CI-15135, styled *In the Interest of N.S. and A.S.*, filed in the 407th Judicial District Court, Bexar County, Texas. However, the Honorable Andy Mireles, presiding judge of the 73rd Judicial District Court, Bexar County, Texas, conducted the hearing and ruled on the motion that is the subject of this proceeding.

Allen's motion to disqualify Sandoval's attorney was based on a single ground: because Cardenas notarized the Choice Document, he is a fact witness in the case, and, therefore, under State Bar Rule of Professional Conduct 3.08, he cannot serve as attorney of record. After a hearing on the motion, at which only Cardenas testified, the trial court granted the motion.[2] In this mandamus proceeding, Sandoval asserts the trial court abused its discretion in doing so. Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding).

### ANALYSIS

Rule 3.08 was "promulgated as a disciplinary standard rather than one of procedural disqualification, but [courts] have recognized that the rule provides guidelines relevant to a disqualification determination." *Id.* The rule provides as follows,

> A lawyer shall not . . . continue employment as an advocate before a tribunal in a . . . pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
> (3) the testimony relates to the nature and value of legal services rendered in the case;
> (4) the lawyer is a party to the action and is appearing pro se; or
> (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. A (Tex. State Bar R. art. X, § 9).

---

[2] Although Allen's motion asked only that Cardenas be disqualified, the trial court also disqualified Cardenas's law partner, Andrea Hernandez.

Disqualification is a severe remedy because it can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. *In re Sanders*, 153 S.W.3d at 57. Courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic. *Spears v. The Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding). The party moving for disqualification must establish with specificity a violation of one or more of the disciplinary rules. *Id.* Thus, mere allegations of unethical conduct or evidence showing only a remote possibility of a violation of the disciplinary rules are not sufficient to merit disqualification. *In re Sanders*, 153 S.W.3d at 57.

The fact that a lawyer serves as both an advocate and a witness does not, standing alone, compel disqualification. *Id.* Disqualification is only appropriate if the lawyer's testimony is "necessary to establish an essential fact on behalf of the lawyer's client." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a). Therefore, disqualification is inappropriate under Rule 3.08 when opposing counsel merely announces her intention to call the attorney as a fact witness without establishing a genuine need for the attorney's testimony and that the testimony goes to an essential fact. *In the Int. of A.M.*, 974 S.W.2d 857, 864 (Tex. App.—San Antonio 1998, no pet.). Also, the party moving for disqualification must show that the opposing lawyer's dual roles as attorney and witness will cause the moving party actual prejudice. *In re Sanders*, 153 S.W.3d at 57; *Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex. 1990) (orig. proceeding). Without these limitations, the rule could be improperly employed "as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 cmt. 10 (stating that lawyer "should not seek to disqualify an opposing lawyer by unnecessarily calling

that lawyer as a witness"). For the reasons discussed below we conclude Allen did not meet the burden necessary to prevail on her motion to disqualify Sandoval's attorney.

First, Allen did not establish that Cardenas's testimony is necessary to establish an "essential fact" on Sandoval's behalf. We agree the child's choice of his father as managing conservator is an essential element in the modification proceeding. However, as the notary, Cardenas would not testify to the reasons, motives, or circumstances leading to the child's choice. Cardenas's testimony that he notarized the Choice Document is not an essential element in a modification proceeding. Even assuming Cardenas's notarization of the child's signature was an essential fact, Allen did not establish that his testimony was necessary to establish that fact. In addition to Cardenas, the child, Sandoval, Sandoval's girlfriend, and Cardenas's law partner, Andrea Hernandez, were all present at the signing. Allen failed to explain why the testimony of the child, Sandoval, or Sandoval's girlfriend was insufficient to establish the circumstances of the child signing the document. *See In re Sanders*, 153 S.W.3d at 57 (because movant did not explain why other sources were insufficient, movant failed to show necessity of attorney's testimony).

Second, Allen failed to show Cardenas's dual roles as attorney and witness would cause her actual prejudice. Allen's attorney never indicated an affirmative intention to call Cardenas as a witness. Instead, during questioning of Cardenas, Allen's attorney prefaced her question with "if I call you during the jury trial." During arguments to the court, following testimony, Allen's attorney merely stated, "if I'm having to call him as a witness." Finally, nothing in the evidence presented to the court pertains to whether Allen would suffer actual prejudice. Neither at the disqualification hearing nor in this mandamus proceeding, does Allen argue or explain how Cardenas's testimony would cause her actual prejudice.

**CONCLUSION**

We conclude the trial court erred in granting Allen's motion to disqualify Sandoval's attorneys. Accordingly, we were prepared to conditionally grant the writ and order the trial judge to withdraw that portion of his Order dated August 25, 2009 in which he grants "Respondent's motion to disqualify Petitioner's attorneys, Adam Cardenas Jr. and Andrea M. Hernandez." However, prior to the issuance of our opinion, the trial judge who signed the order, the Honorable Andy Mireles, passed away. Because this case was filed in the 407th Judicial District Court, we abate this proceeding and remand to allow the Presiding Judge of the 407th Judicial District Court to reconsider Judge Mireles's ruling in light of this opinion.

Sandee Bryan Marion, Justice