Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## OPINION

No. 04-11-00835-CV

**IN RE** Florinda G. **GARZA**

Original Mandamus Proceeding[1]

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   February 15, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On November 21, 2011, relator Florinda G. Garza filed a petition for writ of mandamus, complaining the trial court abused its discretion in granting real party in interest Narciso R. Garza's motion to disqualify counsel. We agree and conditionally grant the petition for writ of mandamus.

## BACKGROUND

This proceeding arises out of a suit filed by Narciso for the partition of property in Starr County, Texas. The dispute arose from a gift deed that was signed by Crisanta G. Garza on June 28, 1995, which granted her son, Leonel Saul Garza, sole ownership of the property. In 2000, Leonel passed away and as per the terms of his will he left his interest in the property to his wife,

---

[1] This proceeding arises out of Cause No. DC-09-448, *Narciso R. Garza v. Florinda G. Garza*, pending in the 229th Judicial District Court, Starr County, Texas, the Honorable Ana Lisa Garza presiding.

relator Florinda G. Garza. However, in the partition suit Narciso asserts he was gifted a one-fourth interest in the property in a 1980 warranty deed.

On August 2, 2011, Narciso filed a motion to disqualify relator's counsel, Fela B. Olivarez and Roy Garza, because Fela notarized the 1995 gift deed and only Fela and Roy were in the room when Crisanta signed the gift deed. At the hearing on the motion to disqualify counsel, Narciso argued that under Rule 3.08 of the Texas Rules of Professional Conduct that Fela and Roy are witnesses necessary to establish an essential fact of Florinda's case. At the conclusion of the hearing, the trial court granted Narciso's motion, disqualifying both Fela and Roy. In the petition for writ of mandamus filed in this court, Florinda only challenges the trial court's disqualification of Fela. This court gave Narciso and the trial court an opportunity to respond to the petition; however, no response was filed.

### ANALYSIS

Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding); *In re Sandoval*, 308 S.W.3d 31, 32 (Tex. App.—San Antonio 2009, orig. proceeding). Disqualification is a severe remedy because it can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. *Sanders*, 153 S.W.3d at 57. Courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic. *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding). The party moving for disqualification must establish with specificity a violation of one or more of the disciplinary rules. *Id.* Thus, mere allegations of unethical conduct or evidence showing only a remote possibility of a violation of the disciplinary rules are not sufficient to merit disqualification. *Sanders*, 153 S.W.3d at 57.

Rule 3.08 was "promulgated as a disciplinary standard rather than one of procedural disqualification, but [courts] have recognized that the rule provides guidelines relevant to a disqualification determination." *Id.* at 546. The rule provides as follows:

A lawyer shall not . . . continue employment as an advocate before a tribunal in a . . . pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;
(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
(3) the testimony relates to the nature and value of legal services rendered in the case;
(4) the lawyer is a party to the action and is appearing pro se; or
(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. A (Tex. State Bar R. art. X, § 9).

The fact that a lawyer serves as both an advocate and a witness does not, standing alone, compel disqualification. *Sanders*, 153 S.W.3d at 57. Disqualification is appropriate only if the lawyer's testimony is "necessary to establish an essential fact on behalf of the lawyer's client." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a). Therefore, disqualification is inappropriate under Rule 3.08 when opposing counsel merely announces their intention to call the attorney as a fact witness without establishing both a genuine need for the attorney's testimony and that the testimony goes to an essential fact. *In the Int. of A.M.*, 974 S.W.2d 857, 864 (Tex. App.—San Antonio 1998, no pet.). Also, the party moving for disqualification must show the opposing

lawyer's dual roles as attorney and witness will cause the moving party actual prejudice. *Sanders*, 153 S.W.3d at 57; *Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex. 1990) (orig. proceeding). Without these limitations, the rule could be improperly employed "as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 cmt. 10 (stating that lawyer "should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness").

Because he has sought the disqualification of Fela, it was Narciso's burden to show that Fela's testimony is necessary. *Sanders*, 153 S.W.3d at 57 (citing *Spears*, 797 S.W.2d at 656). In the motion to disqualify, Narciso claimed the 1995 gift deed was signed by Crisanta under suspicious circumstances. Narciso further claims in the motion that Fela notarized the deed and Roy and Fela were the only persons present other than Crisanta when the deed was signed. At the hearing, Narciso's attorney argued that he will have to amend his petition to put into question the validity of the 1995 deed, but nothing in the record indicates this was ever done. Additionally, it was argued at the hearing that both Roy and Fela would have to testify as to what happened the day the deed was signed. As a result of their presence, Narciso asserts Roy and Fela are fact witnesses, and allowing them to remain both witnesses and attorneys would create confusion for the jury.[2]

We conclude Narciso failed to meet his burden that Fela's testimony is necessary. *See Sanders*, 153 S.W.3d at 57 (citing *Spears*, 797 S.W.2d at 656). First, Fela would not be disqualified from representing Florinda simply because she was the notary. *See Sandoval*, 308 S.W.3d at 34. Furthermore, although Narciso argued at the hearing that there are questions concerning the validity of the deed, we note that Narciso acknowledged that he has not yet, but

---

[2] At the hearing, Fela directed the trial court to her discovery responses in which she listed Roy as a fact witness, and asserted Roy is not representing Florinda in the case.

will in the future, file pleadings addressing this issue. Even assuming such facts regarding the signing of the deed are "essential" to the claims before the court, Narciso failed to explain why other sources such as Roy's testimony are insufficient to establish those facts. *See Sanders*, 153 S.W.3d at 57 (holding that a movant's failure to explain why other sources were insufficient resulted in a failure to show the necessity of the attorney's testimony). As a result of the foregoing, based on the record before us at this time we conclude Narciso failed to meet his burden that any testimony Fela might provide is necessary to establish an essential fact.[3] *Id.* at 58; TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a).

## CONCLUSION

Accordingly, we conclude the trial court erred in granting Narciso's motion to disqualify Fela Olivarez as attorney for Florinda. Therefore, we conditionally grant the petition for writ of mandamus. The trial court is ordered to withdraw its August 8, 2011 order to the extent that it grants the motion to disqualify Fela Olivarez. The writ will issue only if the trial court fails to comply within fourteen days.

Karen Angelini, Justice

---

[3] Because of our ruling on this issue, we do not reach Florinda's argument that Narciso waived his right to seek the disqualification of Fela.