**Opinion issued March 10, 2016**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――

## NO. 01-15-00537-CV

―――――――――――

## IN RE JAMES WESLEY GROVES AND KEITH GROSS, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relators, James Wesley Groves and Keith Gross, filed a petition for a writ of mandamus, challenging the trial court's oral ruling disqualifying Gross from representing Groves in the underlying case and ordering Gross to complete a continuing legal education ("CLE") course and pay a fine of $2,500.00 into the court

registry.[1] We conditionally grant the petition and direct the trial court to vacate its oral ruling granting the motion to disqualify and motion for sanctions.

## Background

The underlying proceeding is a suit affecting the parent-child relationship in which Groves and real party in interest, Avette R. Mathis, seek to modify the terms and conditions for access to and possession of their two children. Gross is Groves's attorney. On April 27, 2015, Mathis filed a motion to disqualify Gross, contending that he was "an essential fact witness in this matter" and she would be prejudiced by his "dual role as an advocate and a witness." The child, B.D.G., is alleged to have made an outcry of sexual abuse against her step-father. Mathis asserted that Gross spoke to B.D.G., "about the facts of this case and essentially did a forensic interview with the child regarding sexual abuse allegations against her step-father." Mathis further asserted that Gross's conduct made him "a material witness as to the essential facts as to whether or [not] sexual abuse occurred and any other related facts which form the basis of [Groves's] claims or defenses" including Groves's "filing suit to restrict [Mathis's] possession and access using knowledge gained from Keith A. Gross'[s] actions as a material witness." Relators responded that disqualification was inappropriate because Mathis failed to identify any essential facts that were

---

[1]     Respondent in this proceeding is the Honorable Alicia Franklin York. The underlying case is *In the Interest of A.F.G. and B.D.G.*, cause number 2008-148661, in the 311th District Court of Harris County, Texas, the Honorable Alicia Franklin York presiding.

2

necessary to the case and required "a genuine need" for Gross's testimony, and "to articulate any set of facts showing how attorney Gross'[s] dual roles would prejudice her cause." Mathis then filed a "Supplemental Motion to Disqualify, Motion for Sanctions, and Reply to Respondent's Response to Motion to Disqualify." She contended that Gross "should be sanctioned—in this case disqualified" for violating a trial court order appointing an amicus attorney and potentially committing the offense of tampering with a witness. The sanctions motion was based on the trial court's inherent power to sanction for interference with the court's "legitimate exercise of its core functions (the discovery, preservation, and presentation of evidence)." Mathis requested the trial court to grant the motion and disqualify Gross "and/or enter such other sanction as the Court deems just under the circumstances."

A hearing on Groves's request for temporary orders was set for April 28, 2015, and that day the parties appeared before respondent. Mathis's counsel stated that as "a preliminary matter," he "would like to . . . take up" Mathis's motion to disqualify Gross as Groves's attorney. Gross objected to the trial court's considering Mathis's motion because relators did not have sufficient notice of a hearing on her motion.

In support of her motion, Mathis's counsel pointed out that respondent had appointed an amicus attorney for B.D.G. and contended that Gross "intentionally interfer[ed] with the Court's core function as far as the appointment of an amicus

and the role of the amicus attorney in this case." Counsel asserted that the amicus attorney had not consented "to the interview" of B.D.G. "by a third party lawyer" and Gross "essentially, spoke to [B.D.G.] in his office after [she] made the outcry, knowing there was an amicus attorney who was not notified" and that this action tainted the investigation.

Before Gross responded, Marsha Reed, the amicus attorney, stated to respondent that, on April 18, 2015, she learned that B.D.G. had made an outcry of abuse to Groves's wife. The next day, after looking for B.D.G., Reed called Groves, who told her that he and his wife were at Gross's office with B.D.G. Reed spoke with Gross who—according to Reed—said that he had not talked with B.D.G. "that much," and had told her "what this is about" and "the difference between a truth and a lie." When Reed instructed him not to talk with B.D.G., Gross immediately "stopped the interview." Reed then met with B.D.G.

In his response to Mathis's contentions, Gross explained that his client called him on "the 13th and indicated that B.D.G had made an outcry." He then met with Groves and his wife to make a reasonable inquiry into the foundation for filing a petition for a temporary restraining order. He explained that "[i]t had actually slipped [his] mind that there was an amicus attorney on the case" because he had been involved in the case for only a short time and "had no interaction" with the amicus attorney "before this." According to Gross, he met with Groves and his wife "to get

4

enough detail[,] for them to look me in the face, fill out the affidavit, to make sure that this wasn't a lie." B.D.G came with Groves and his wife to the meeting and was present when Groves and his wife told Gross what allegedly occurred; and the "only thing" he said to B.D.G. was "'Is this true what your parents are saying? Do you know the difference . . . between a lie?' There was no prepping of testimony." Gross stated that B.D.G. said she knew the difference between a truth and a lie "and these things were the truth, and that's it."

Mathis's counsel responded that Gross knew or understood that there was an amicus attorney and referred to an April 17, 2015 email from Gross in which he asked for dates to depose Mathis and B.D.G. Mathis's counsel stated that he responded, by email, that he assumed that the amicus attorney would file a motion to quash any deposition of B.D.G. Reed stated that, when Gross asked Mathis's counsel for dates on which to depose B.D.G., she called him and told him that, if he noticed the deposition, she would file a motion to quash and request a protective order.

No witnesses were sworn, and no exhibits were offered or admitted into evidence at the hearing.[2] At the end of the hearing, Mathis requested Gross's

---

[2] The record reflects that Mathis's counsel showed email correspondence to respondent. When asked if there was any objection, Gross answered "[n]o." However, counsel did not offer and respondent did not admit the email correspondence into evidence. The order appointing Marsha Reed as an amicus attorney also was not before respondent at the hearing. In determining whether a

5

disqualification and a monetary sanction of $20,000.00 against Gross so he and other lawyers "can really understand and get the message that you should not be talking to children directly." Respondent granted Mathis's request "to recuse [Gross] from the case" and ordered him "to take the ad litem's CLE that is offered for CPS cases" and to pay a fine of $2,500.00 into the registry of the court within six months. Respondent did not state a basis for her ruling, sign an order, or make any findings of fact.[3]

## Discussion

### A.    Standard of Review

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt.*,

---

respondent abused her discretion, we generally do not consider documents that were not before the trial court when it ruled. *In re Hardwick*, 426 S.W.3d 151, 158 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (citing *In re Taylor*, 113 S.W.3d 385, 389 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding)).

[3]    Mandamus relief may be based on an oral ruling if the ruling is a "clear, specific, and enforceable order that is adequately shown by the record." *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding); *see* TEX. R. APP. P. 52.3(k)(1)(A) (providing appendix must contain certified or sworn copy of order complained of "or any other document showing the matter complained of").

*L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *In re Prudential Ins.*, 148 S.W.3d at 135. Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *See In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (citing *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 52 (Tex. 1998)); *see also In re Butler*, 987 S.W.2d 221, 224 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (disqualification "results in immediate and palpable harm that disrupts the trial proceeding and deprives a party of the right to have counsel of its choice").

**B.    Sanctions**

By their petition, relators contend that respondent abused her discretion in disqualifying and sanctioning Gross because Mathis did not establish that Gross's conduct significantly interfered with the court's legitimate exercise of its core functions and the record does not establish a violation of a trial court order. Relators further contend that Mathis did not establish that Gross acted in bad faith.

At the April 28, 2015 hearing, Mathis's counsel contended that respondent had inherent authority to sanction parties or their attorneys for conduct that interfered with the exercise of the court's core functions and Gross had intentionally interfered with a core function "as far as the appointment of an amicus and the role of the amicus attorney in this case," which included "the right to control who interviews

7

the children and under what circumstances."[4] Counsel further argued that B.D.G.'s presence at the meeting was improper and the conduct may have violated the "Penal Code because this child has now become a material witness in a case" and, consequently, Gross "has tampered with that witness."

A court has inherent power to sanction for bad faith conduct during litigation. *Island Entertainment, Inc. v. Castaneda*, 882 S.W.2d 2, 5 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (citing *Kutch v. Del Mar College*, 831 S.W.2d 506, 509 (Tex. App.—Corpus Christi 1992, no writ)). However, "that power 'exists only to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as significant interference with core judicial functions.'" *Kings Park Apartments, Ltd. v. Nat'l Union Fire Ins. Co.*, 101 S.W.3d 525, 541 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (quoting *Phillips & Akers*, *P.C. v. Cornwell*, 927 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1996, no pet.)). A court's core functions include "hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, entering final judgment, and enforcing that judgment." *Id.* at 540 (citing *Kutch*, 831 S.W.3d at 510).

"In applying its inherent power to impose sanctions, a trial court must make findings to support its conclusion that the conduct complained of significantly

---

[4] An amicus attorney appointed to assist the court is entitled to "consent or refuse to consent to an interview of the child by another attorney." TEX. FAM. CODE ANN. § 107.003(a)(3)(c) (West 2014).

interfered with the court's legitimate exercise of its core functions." *Houtex Ready Mix Concrete & Materials v. Eagle Const. & Envtl. Servs., L.P.*, 226 S.W.3d 514, 524 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Here, the trial court did not sign an order and did not make any findings. However, we will review the record to determine whether the trial court abused its discretion. *See Harmouch v. Michael A. Rassner, D.D.S., P.C.*, No. 01-10-00367-CV, 2011 WL 1435008, at *4 (Tex. App.—Houston [1st Dist.] Apr. 4, 2011, no pet.) (mem. op.) (citing *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006)).

No testimony or exhibits were admitted into evidence during the April 28, 2015 hearing. Rather, the hearing consisted entirely of counsel's arguments and answers to the trial court's questions. "Motions and arguments of counsel do not constitute evidence for purposes of a sanctions proceeding." *Thielemann v. Blinn Bd. of Trustees*, No. 01-14-00595-CV, 2015 WL 1247018, at *4 (Tex. App.—Houston [1st Dist.] Mar. 17, 2015, no pet.) (mem. op.) (citing *Thielemann v. Keithan*, 371 S.W.3d 286, 295 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)); *see Gomer v. Davis*, 419 S.W.3d 470, 478 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (concluding imposition of sanctions was abuse of discretion when trial court did not hold evidentiary hearing). Generally, "an attorney's statements must be under oath to constitute evidence." *Keith v. Keith*, 221 S.W.3d 156, 169 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997)).

9

Accordingly, the record contains no evidence to support imposition of sanctions on Gross. Because the record contains no evidence to support sanctions, we conclude that the trial court abused its discretion in sanctioning Gross based on the court's inherent authority to sanction.

## C. Gross's disqualification under the lawyer-witness rule

Mathis initially moved to disqualify Gross based on the lawyer-witness rule of the Texas Rules of Disciplinary Conduct. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. App. A (West 2013). That issue was not urged at the hearing and no evidence was offered to support it. However, relators contend that respondent abused her discretion in disqualifying Gross based on the lawyer-witness rule absent any evidence.

Although Disciplinary Rule 3.08 was "promulgated as a disciplinary standard," rather than a rule of procedural disqualification, the courts "have recognized that the rule provides guidelines relevant to a disqualification determination." *In re Sanders*, 153 S.W.3d at 56 (citing *Anderson Producing, Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 421 (Tex. 1996)); *see Moore v. Altra Energy Tech., Inc.*, 295 S.W.3d 404, 405 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (citing *Landers v. State*, 256 S.W.3d 295, 306 n.32 (Tex. Crim. App. 2008); *In re EPIC*, 985 S.W.2d at 48).

10

Disqualification of an attorney due to his status as a potential witness is appropriate only if the attorney's testimony is "necessary to establish an essential fact." *In re Sanders*, 153 S.W.3d at 57 (quoting TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.08(a)). The fact that an attorney serves, or may serve, as an advocate and witness does not compel disqualification. *Id.*; *see In re Garza*, 373 S.W.3d 115, 118 (Tex. App.—San Antonio 2012, orig. proceeding) (stating disqualification is not appropriate unless party seeking disqualification establishes "a genuine need for the attorney's testimony and that the testimony goes to an essential fact"). Even if a party establishes a disciplinary rule violation, "the party requesting disqualification must demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). "[T]he movant on a motion to disqualify bears a high burden, and must establish with specificity the basis for disqualification." *Smith v. Abbott*, 311 S.W.3d 62, 73 (Tex. App.—Austin 2010, pet. denied) (citing *Spears v. Fourth Ct. App.*, 797 S.W.2d 656, 656 (Tex. 1990)). Accordingly, "[m]ere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice." *Spears*, 797 S.W.2d at 656.

Here, Mathis alleged that Gross spoke to B.D.G. about the facts of the case and "essentially did a forensic interview" with her, making him "a material witness as to the essential facts as to whether or [not] sexual abuse occurred and any other

11

related facts which form the basis of [Groves's] claims or defenses." However, Mathis only asserted in general terms that Gross's conduct made him "a material witness as to the essential facts" of any sexual abuse and "any other related facts" that formed the basis of Groves's claims or defenses, and failed to demonstrate that Gross's testimony is necessary to establish any particular essential fact. *Cf. In re Sanders*, 153 S.W.3d at 57–58 (rejecting argument that attorney disqualification was required when same information could be obtained from other sources); *In re Tex. Tech. Servs., Inc.*, No. 01-15-00016-CV, 2015 WL 5577234, at *4 (Tex. App.—Houston [1st Dist.] Sept. 22, 2015, orig. proceeding) (concluding fact that attorneys communicated with witnesses, without more, did not demonstrate testimony was necessary to establish essential fact); *In re Sandoval*, 308 S.W.3d 31, 34–35 (Tex. App.—San Antonio 2009, orig. proceeding) (concluding that trial court erred in granting motion to disqualify when movant for disqualification did not establish that lawyer's testimony was necessary and "nothing in evidence" pertained to whether movant would be prejudiced). Accordingly, to the extent that the ruling rests on the lawyer-witness rule, we conclude that the trial court abused its discretion in disqualifying Gross.

### Conclusion

Accordingly, we conditionally grant the petition and direct the trial court to vacate its oral ruling granting Mathis's motion, imposing sanctions against Gross,

12

and disqualifying him from representing Groves in the underlying proceeding. Our writ of mandamus will issue only if the trial court does not comply.[5] We vacate this Court's stay order, issued on October 9, 2015.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

---

[5] Because we conclude that the trial court abused its discretion in sanctioning and disqualifying Gross, we do not address the issues regarding insufficient notice of the April 28, 2015 hearing and absence of any evidence to support the amount of the monetary sanction.