NO. 07-12-0278-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 9, 2012
_____

IN RE DAVID GETZ, RELATOR

_____

ORIGINAL PROCEEDING
ARISING FROM PROCEEDINGS BEFORE THE 237TH DISTRICT COURT OF
LUBBOCK COUNTY; NO. 2010-554,387;
HONORABLE BLAIR CHERRY, JUDGE PRESIDING

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In this original proceeding, Relator, David Getz, seeks to set aside an order disqualifying him as the plaintiffs' attorney of record in the underlying proceeding. We deny the petition for writ of mandamus.

**BACKGROUND**

Getz, a licensed attorney, filed suit on behalf of eight plaintiffs against their former attorney, Stace Williams, and his law firm, Stace Williams Law Firm, P.C., for negligence, malpractice, and other claims. During the attorney-client relationship giving

rise to each malpractice claim, Getz had worked as an independent contractor for the defendants.[1] The defendants filed a *Motion to Disqualify* contending that Getz had a conflict of interest because he knew or should have known that he would be a material witness as a person with knowledge of relevant facts pertinent to the present litigation. In that regard, the plaintiffs' claims contain allegations of poor or negligent communications between the individual plaintiffs and the defendants, communications that Getz himself was tasked with while working for the defendants.

Hearings were held on September 30, 2011, and May 25, 2012, following which the Honorable Blair Cherry granted the defendants' motion to disqualify and subsequently signed an *Order to Disqualify* on May 31, 2012. Getz now requests this Court to order Judge Cherry to withdraw that order.

## MANDAMUS STANDARD OF REVIEW

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-136 (Tex. 2004) (original proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re*

---

[1]Getz was working in the capacity of a "paralegal" due to the fact that his license to practice law had been suspended. In that capacity, he was privy to confidential attorney-client communications, had access to each client's file, and worked directly with each of the plaintiffs.

*Cerberus Capital Mgmt., LP*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker,* 827 S.W.2d at 839. To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l First Ins. Co. v. Akin,* 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

In determining whether there is no other adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re Prudential Ins. Co.,* 148 S.W.3d at 135-136. Because an appeal is inadequate when a trial court abuses its discretion in disqualifying a party's attorney, *In re Guar. Ins. Servs.*, 343 S.W.3d 130, 132 (Tex. 2011) (orig. proceeding); *In re Cerberus Capital Mgmt., LP,* 164 S.W.3d at 383, mandamus is an appropriate means of correcting an erroneously issued order of disqualification. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (per curiam) (orig. proceeding).

### DISQUALIFICATION OF AN ATTORNEY

In disqualification cases, our analysis begins with the premise that disqualification is a "severe remedy" which can result in immediate and perceptible harm to a party, disrupt trial court proceedings, and deprive that party of the right to have counsel of choice. *Id.* at 57; *In re Nitla S.A. De C.V.*, 92 S.W.3d 419, 423 (Tex. 2002) (per curiam) (orig. proceeding). A trial court should be extremely judicious in considering a disqualification motion because the procedure should not be used tactically to deprive an opposing party of the right to be represented by the lawyer of his or her choosing. *In re Sanders,* 153 S.W.3d at 57. Thus, "mere allegations of unethical

3

conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice" to merit disqualification. *Id.* (quoting *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990)).

Although the Texas Disciplinary Rules of Professional Conduct were promulgated as disciplinary rules rather than rules of procedural disqualification, courts have recognized those rules as providing guidelines relevant to a disqualification determination. *Id.* With that in mind, we note that Disciplinary Rule 3.08 states, in relevant part:

> (a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
>
> > (1) the testimony relates to an uncontested issue;
> >
> > (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
> >
> > (3) the testimony relates to the nature and value of legal services rendered in the case;
> >
> > (4) the lawyer is a party to the action and is appearing pro se; or
> >
> > (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.

Tex. Disciplinary R. Prof'l Conduct 3.08(a) & (b) *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app A (West 2011) (Tex. State Bar R. art. X, § 9).

The fact that an attorney may serve as both an advocate and a witness does not itself compel disqualification. *In re Sanders,* 153 S.W.3d at 57. Disqualification is only appropriate if the attorney's testimony is necessary to establish an "essential fact." Consequently, the party requesting disqualification must demonstrate that the opposing attorney's role as both an attorney and a witness will cause actual prejudice. *Id.*

## ANALYSIS

Where a motion to disqualify an attorney states multiple grounds for disqualification, we will not disturb a trial court's order granting that motion so long as any ground of disqualification is supported by the record. Here, in his capacity as a paralegal working for the defendants, on one or more occasions, Getz spoke with Williams about some or all of the individual plaintiffs and the status of their case. In those conversations, Getz and Williams discussed the facts of the plaintiffs' cases, including information regarding their individual claims. Based on this information, the trial court concluded that Getz would be a material witness in the case, i.e., that he would be giving relevant testimony about essential facts. By its very nature, relevant testimony regarding an essential fact is likely to be prejudicial to one party or the other.

In reviewing a trial court's decision to disqualify counsel we may not substitute our judgment for that of the trial court and we may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* In that regard, a trial court abuses its discretion if it fails to correctly analyze or apply the law. *Id.* Because we find Judge Cherry's decision was neither arbitrary nor unreasonable, we deny Getz's request for relief.

5

## CONCLUSION

Accordingly, without hearing oral argument, the petition for writ of mandamus is denied.  *See* Tex. R. App. P. 52.8(a).

Patrick A. Pirtle
Justice