**Petition for Writ of Mandamus Conditionally Granted and Opinion filed April 11, 2024.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-24-00142-CV

### IN RE ROSALIND JOHNSON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 18-CV-0891**

## MEMORANDUM OPINION

On Monday, February 26, 2024, relator Rosalind Johnson filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Kerry Neves, presiding judge of the 10th District Court of Galveston County, to disqualify real party in interest's attorney for two reasons. First, relator asks this court to compel the trial court to disqualify real party in interest's attorney because he violated the Texas Disciplinary Rules of Professional Conduct when he made a recommendation in a 1998 tax judgment underlying the case. *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.10(a), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit.

G, app. A) (Tex. State Bar R., art. X, §9). Second, relator asks this court to compel the trial court to disqualify real party in interest's attorney because he violated the Texas Rules Disciplinary of Professional Conduct as she alleges he is a necessary witness to the proceeding. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a). Relator claims the trial court's failure to disqualify real party in interest's counsel for his violations of these rules constitutes an abuse of discretion. We conditionally grant the petition for writ of mandamus.

## Background

Relator, in an adverse possession case, alleges she learned counsel for real party in interest made a recommendation as a tax master in a 1998 tax judgment underlying the case. *See* Tex. Tax Code Ann. §33.71; §33.73. The recommendation was signed as a final judgment by the presiding judge of the 10th Judicial District Court of Galveston County at the time. Relator states this recommendation "is connected to the pending proceeding, in that evidence of the final judgment in that suit is the crux" of real party in interest's defense against relator's claims. She alleges because real party in interest's signature is on the final judgment, "arguments and statements made by counsel regarding the contents and legal effect of that judgment will probably be accepted as true by the jury." In her petition for mandamus, she says she plans to call real party in interest's attorney as a witness to testify about his "previous involvement with the case," "exploitation of his public office for personal gain"; and the "possible voidness of the judgment, based upon lack of service on the property owner."

She asks this court to hold the trial court abused its discretion when it failed to disqualify real party in interest's attorney because the attorney violated the Texas Disciplinary Rules of Professional Conduct in two ways. Due to that alleged

2

abuse of discretion, she requests this court to vacate the trial court's denial of her motion to disqualify and to enter an order disqualifying real party in interest's attorney. We examine both of her arguments in turn.

## Standard of review

Mandamus is appropriate when the relator demonstrates that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Quintanilla*, No. 14-16-00473-CV, 2016 WL 4483743, at *2 (Tex. App.—Houston [14th Dist.] Aug. 25, 2016, orig. proceeding); *see In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *Id.; see In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). It is well established that, if the trial court has abused its discretion in ruling on a motion to disqualify counsel, mandamus is appropriate to correct the trial court's erroneous ruling because there is no adequate remedy by appeal. *Id.; see In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding); *In re Epic Holdings, Inc.*, 985 S.W.2d 41, 52 (Tex. 1998) (orig. proceeding).

## Disqualification

The Texas Disciplinary Rules of Professional Conduct were adopted by the State Bar of Texas to establish the "minimum standards of conduct below which no lawyer can fall without being subject to disciplinary action." *Spears v. Fourth Ct. of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (quoting Tex. Disciplinary Rules Prof'l. Conduct preamble ¶7, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A.) This court often looks to the disciplinary rules to decide disqualification

issues. *In re Nitla S.A. de C.V.,* 92 S.W.3d 419, 422 (Tex. 2002). While the disciplinary rules are not controlling as standards governing motions to disqualify, they have been viewed by the courts as guidelines that articulate considerations relevant to the merits of such motion. *Spears of Appeals*, 797 S.W.2d at 656; *see also In re Gunn*, No. 14-13-00566-CV, 2013 WL 5631241, at *3 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, orig. proceeding) ("The Texas Disciplinary Rules of Professional Conduct do not determine whether counsel is disqualified, but they do provide guidelines and suggest the relevant issues courts should consider.") Even if a lawyer violates a disciplinary rule, the party requesting disqualification must demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification. *In re Nitla S.A. de C.V.,* 92 S.W.3d at 422.

Disqualification is a severe remedy. *Spears of Appeals*, 797 S.W.2d at 656. The courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic. *Id.* Thus, the burden is on the movant to establish with specificity a violation of one or more of the disciplinary rules. *Id.* Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under this standard. *Id.*

*Former government attorney* Rule 1.10(a) "prohibits representation of a private client by a former government attorney…when the subsequent representation involves 'a matter in which the lawyer participated personally and substantially as a public officer or employee,' unless the government agency consents." *Id.* (quoting. Tex. Disciplinary Rules Prof'l Conduct R. 1.10(a)).

Here, real party in interest's attorney violated Rule 1.10(a) because: (1) he represents a private client, the real party in interest, in the current matter and; (2)

4

he previously participated personally and substantially as a public officer in this matter when he made a recommendation as a tax master in a judgment that underlies suit. Relator states in her petition that "evidence of the final judgment in that suit is the crux of Defendant's defense against Plaintiff's claims." Further, there is no showing that the government agency that employed real party in interest's attorney consented to the representation. Finally, real party in interest's attorney's violation of Rule 1.10(a) is prejudicial to relator because counsel's signature is on the 1998 final judgment underlying the case, therefore, arguments and statements made by counsel regarding the judgment may be given greater weight by the jury.

Accordingly, the trial court abused its discretion in denying relator's motion to disqualify.

***Necessary witness*** Rule 3.08(a) prohibits continued representation. . . if "'the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client,'" *Spears,* 797 S.W.2d at 657 (quoting Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a)). The fact that a lawyer serves as both an advocate and a witness does not in itself compel disqualification. *Sanders,* 153 S.W.3d at 57. Disqualification is only appropriate if the lawyer's testimony is "necessary to establish an essential fact." *Id.* Consequently, the party requesting disqualification must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice. *Id.* We have stated that Rule 3.08 should not be used tactically to deprive the opposing party of the right to be represented by the lawyer of his or her choice and have condemned disqualifications based upon "speculative and contingent allegation[s]." *Id.* at 58 (quoting *Spears,* 797 S.W.2d at 658); *see also*

5

Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a) cmt. 10, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A) ("[A] lawyer should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness.").

Here, relator states in her petition that she plans to call real party in interest's attorney to address his "previous involvement with the case; exploitation of his public office for personal gain; and possible voidness of the judgment, based upon lack of service on the property owner." But this testimony will not serve to "establish an essential fact on behalf of the lawyer's client." Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a). Real party in interest attorney's involvement in the case is limited to making a recommendation as a tax master in a 1998 judgment underlying the case. The underlying judgment is self-authenticating. *See* Tex. R. Evid. Rule 902(1) ("The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted: A document that bears:. . .a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States. . .and a signature purporting to be an execution or attestation."). There is no evidence of personal gain. Further, the real party in interest attorney's testimony would not establish the judgment is void due to a lack of service.

Thus, because real party in interest's attorney is not a necessary witness, relator's argument regarding Rule 3.08(a) lacks merit.

## Conclusion

The trial court abused its discretion in denying relator's motion to disqualify because (1) real party in interest's attorney violated Rule 1.10(a) when he represented a private client, the real party in interest, after participating "personally

and substantially as a public officer or employee," by making a recommendation as a tax master in the 1998 judgment underlying the case and failing to obtain consent from the government agency that employed him; and (2) his previous involvement is prejudicial to relator.

We conditionally grant the petition for writ of mandamus. The writ will issue only if the court of appeals fails to comply.

PER CURIAM

Panel consists of Justices Wise, Bourliot, and Zimmerer.