# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00553-CV

### In re Fred Luecke, Individually and as Limited Partner of Jimmie Luecke Children Partnership, Ltd.

### ORIGINAL PROCEEDING FROM LEE COUNTY

## O P I N I O N

Relator Fred Luecke, individually and as a limited partner of both Jimmie Luecke Children Partnership, Ltd. and Jimmie Luecke Children Partnership II, Ltd., seeks mandamus relief from a trial-court order that disqualified his attorney from representing him in a derivative action against his father, Jimmie Luecke. Because the parties share the same last name, we will refer to them by their first names.

Jimmie married Dorothy Ann Luecke and they had two children, Fred and Susan. Jimmie filed for divorce in 1987, and, following several lawsuits relating to the couple's properties, Jimmie and Dorothy entered into a settlement agreement that eventually led to the creation of the two Children Partnerships and obligated Jimmie to place certain assets into each of the Children Partnerships. For both of these Partnerships, Jimmie is the general partner, and Jimmie, Fred, and Susan are the limited partners. In the underlying litigation, Fred alleges that Jimmie impermissibly gave away assets or proceeds from assets that rightfully belonged to one or both of the Children Partnerships.

The asset at the center of the motion to disqualify is a tract of land in Gonzales County that was conveyed to Jimmie by Bennie Jaehne while Jimmie was still married to Dorothy. In a separate lawsuit, Jaehne's successor, the Bennie C. Jaehne 2010 Trust, sued Jimmie. According to the petition in the Jaehne Trust suit,[1] Jimmie owns an undivided mineral interest in the Gonzales County tract and is also a trustee for the Jaehne Trust's undivided one-sixth mineral interest in the tract. In Fred's suit against Jimmie, Fred alleges that Jimmie breached the settlement agreement his parents entered into by failing to disclose to his wife "his claim of any ownership in the [tract] both during their marriage and in the [settlement agreement]." Fred's petition further explains that, after Fred raised the issue of the mishandling of the Gonzales County tract, Jimmie deeded the tract to the Jimmie Luecke Children Partnership, Ltd., and conveyed revenues produced from the tract to the Children Partnership. Fred urges that Jimmie's act of conveying the Gonzales County tract and its revenues to the Children Partnership amounts to an admission that, from the time Jimmie took ownership of the tract until he made the conveyance, Jimmie had mishandled the asset by failing to disclose its existence and failing to immediately turn it over to the Children Partnership as required by the settlement agreement. The allegations regarding mishandling of the Gonzales County tract involve only the first Children Partnership, not Jimmie Luecke Children Partnership II, Ltd. The complaint regarding the Gonzales County tract has appeared in each version of Fred's petition, from the original petition filed in January 2016, though the third amended petition that is the live pleading.

---

[1] The Jaehne Trust's Original Petition is included in the appendix to the Children Partnerships' response to the petition for writ of mandamus.

2

All four versions of the petition disclose that Fred's attorney is the same attorney who filed the ongoing suit on behalf of the Jaehne Trust in 2014.

Eventually recognizing the potential conflict of interest that Fred's attorney might have in representing the Children Partnerships and the Jaehne Trust in separate suits relating to Jimmie's alleged mishandling of the Gonzales County tract, Jimmie and the nominal defendants (the Children Partnerships and the J. Luecke Grandchildren's Partnership, L.P.) filed a motion to disqualify Fred's attorney in September 2017. That motion was not granted, but in June 2018, the nominal defendants' counsel (who was apparently hired by general partner Jimmie to represent the Partnerships as nominal defendants) filed another motion to disqualify. This second motion differs from the first motion to disqualify in that, in addition to arguing that the potential conflict of interest involving the Gonzales County tract is a clear and actual conflict, it further asserts that:

> Fred Luecke cannot make the decisions for the partnerships about pursuit of the claims and cannot waive—for the partnerships—the actual conflict of [Fred's attorney]. [Fred's attorney] does not have a waiver from an authorized representative of the Partnerships, which he would need in order to pursue the derivative claims on behalf of the Partnership given the clear conflict of interest between the Partnerships and the Jaehne Trust.

In other words, counsel for the nominal defendants argues that only Jimmie, as the sole general partner, could waive any conflict on behalf of the affected Children Partnership.

At the hearing on the motion to disqualify, counsel for the nominal defendants argued that Fred cannot individually sue for damages to the Children Partnerships, but must sue derivatively to recover any assets that he alleges were mishandled by Jimmie. Counsel for the nominal defendants

3

further explained to the district court that Fred's attorney represents Fred and the Jaehne Trust and that Fred's attorney:

> has a waiver of that possible conflict from both of those parties We acknowledge that; but for the partnership, who is the derivative beneficiary of all this, he has no waiver . . . . So that's where the conflict exists, that the partnership that he is suing derivatively on behalf of is entitled to have someone who does not have a conflict to that.

Counsel for the nominal defendants also stated that Fred's "lawyer has waivers from Fred Luecke and from the people in the other lawsuit but he does not have a waiver from the party for whom he is seeking to recover the assets, the Childrens Partnership. Without that waiver, the conflict remains and calls for disqualification. That's our motion." In addition to that description of the waiver at the hearing, Fred signed an "affidavit waiving conflict of interest" in November 2017 that acknowledged the Jaehne Trust's lawsuit, explained that he is a limited partner of the Children Partnerships, was aware of the motion to disqualify his attorney, had been advised to seek separate counsel regarding the motion, had previously signed a waiver of the conflict of interest at issue, and reaffirmed "that [Fred's attorney] shall be my attorney in regard to my ownership, and all necessary actions related thereto, that result from my being a limited partner of the Jimmie Luecke Children Partnership, Ltd. and the Jimmie Luecke Children Partnership Ltd. II."

The district court granted the motion to disqualify, and Fred now seeks mandamus relief, arguing that the motion to disqualify was untimely and that no evidence was presented that supported disqualification. The response of the Children Partnerships as nominal defendants asserts that the issue of untimeliness of the motion to disqualify was not raised in the district court and is

4

therefore waived and that the district court "correctly determined that there was a conflict of interest that had not been waived under Rule 1.06 [of the Texas Disciplinary Rules of Professional Conduct]."

Mandamus is the appropriate method to correct a trial court's erroneous order disqualifying counsel because there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 383 (Tex. 2005) (per curiam). We may not grant mandamus relief unless the trial court abused its discretion, and in asking whether the court abused its discretion with respect to its factual determinations, we may not substitute our judgment for that of the trial court or disturb the court's decision unless it is arbitrary and unreasonable. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (per curiam).

"'Disqualification is a severe remedy' and 'can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice.'" *In re Waterstone Owners Ass'n*, No. 03-18-00352-CV, 2018 Tex. App. LEXIS 6730, at *7 (Tex. App.—Austin, Aug. 23, 2018, orig. proceeding) (mem. op.) (quoting *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam)). "The courts must adhere to an exacting standard when considering motions to disqualify so as to discourage their use as a dilatory trial tactic." *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990). In reviewing disqualification issues, the Texas Rules of Disciplinary Conduct serve as "guidelines—not controlling standards—for disqualification motions." *In re Nitla*, 92 S.W.3d at 422; *see National Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 132 (Tex. 1996). "Even if the record establishes that a lawyer has violated a disciplinary rule, the party requesting disqualification still 'must demonstrate

5

that the opposing lawyer's conduct caused actual prejudice that requires disqualification.'" *In re Waterstone Owners Ass'n*, 2018 Tex. App. LEXIS 6730, at *7 (quoting *In re Nitla*, 92 S.W.3d at 422); *see In re Sanders*, 153 S.W.3d at 57. "Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice." *Spears*, 797 S.W.2d at 656. "As a rule, '[a] party who fails to file its motion to disqualify opposing counsel in a timely manner waives the complaint.'" *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 52 (Tex. 1998) (orig. proceeding) (quoting *Vaughan v. Walther*, 875 S.W.2d 690, 690 (Tex. 1994) (per curiam) (finding waiver after six-and-a-half month delay)); *see HECI Expl. Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 628 (Tex. App.—Austin 1992, writ denied).

Rule 1.06 is the general rule governing conflicts of interest. *See* Tex. Disciplinary Rules of Prof'l Conduct 1.06, *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A. It prohibits a lawyer from representing a client if doing so "involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client." *Id.* R. 1.06(b)(1). However, comment 10 to the rule acknowledges "[a] lawyer may represent parties having antagonistic positions on a legal question that has arisen in different cases, unless representation of either client would be adversely affected." *Id.* R. 1.06 cmt. 10. Thus, while not encouraged, representation of clients whose interests may not be wholly aligned is permitted in Texas in certain circumstances. *See Conoco, Inc. v. Baskin*, 803 S.W.2d 416, 419 (Tex. App.—El Paso 1991, orig. proceeding). Indeed, Rule 1.06(c) expressly allows an attorney to represent clients whose interests may be materially and directly adverse or may become adverse if "(1) the lawyer reasonably believes the representation of each client will not be materially affected; and (2) each

6

affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any." Tex. Disciplinary Rules Prof'l Conduct 1.06(c).

The issue before us is whether the nominal defendant Children Partnerships, as movants, met their burden of establishing the propriety of disqualification when the record before us shows that (1) the first Children Partnership[2] and the Jaehne Trust are each suing Jimmie to recover proceeds from mineral rights on the Gonzales County tract, and (2) the nominal defendants agree that Fred and the Jaehne Trust waived this conflict of interest. The sole ground for disregarding the conflict waiver is the nominal defendants' assertion that Fred, as a matter of law, cannot waive the conflict of interest on behalf of the Children Partnerships. By statute, Fred has authority to bring a suit derivatively on behalf of the Children Partnerships. *See* Tex. Bus. Orgs. §§ 153.401–.405 (permitting and governing derivative actions in court on behalf of limited partnerships). Neither party has identified any authority as to whether a limited partner has the authority to waive a conflict of interest in a derivative action, but we conclude that the right to bring an action and choose an attorney includes the right to waive a conflict of interest for purposes of the derivative action.

We further note that the record shows that the alleged conflict with the first Children Partnership is not yet an actual conflict. Fred's petition complains that "Defendant LUECKE failed to disclose . . . his claim of any ownership in the [Gonzales County tract] . . . ." and further

---

[2] Neither party addresses the fact that there is no conflict of interest as to Children Partnership II.

7

complains of a lack of assurances that any proceeds from the Gonzales County tract are being deposited directly into the Children Partnership's account. The petition later references Jimmie's "undisclosed mineral ownership in the TRACT." These claims against Jimmie are not necessarily inconsistent with the Jaehne Trust's claims. The Jaehne Trust's pleading acknowledges that the Gonzales County tract was conveyed to Jimmie in 1980 and that Jimmie owns an undivided mineral interest that is not in dispute in the Jaehne Trust suit. Fred's suit seeks to determine what Jimmie owned at the time the settlement agreement was reached because those assets should have been considered and possibly included in the settlement agreement for the benefit of the limited partners. Fred's suit does not appear to seek from Jimmie the one-sixth undivided mineral interest reserved by the Jaehne Trust and held by Jimmie as a trustee.

The nominal defendants, as movants, had the burden of establishing that disqualification of Fred's attorney, a severe remedy, was proper under the circumstances. *See In re Nitla*, 92 S.W.3d at 422. They did not do so and instead provided allegations of possible prejudice along with an unsupported argument that a limited partner, unquestionably permitted by statute to bring a derivative claim on behalf of a partnership, has no right to waive a conflict of interest. Under these circumstances, we conclude that the district court abused its discretion in granting the nominal defendants' motion to disqualify.[3]

---

[3] Having reached this conclusion, we need not address whether the motion to disqualify was untimely.

We conditionally grant mandamus relief and order the district court to vacate its order granting the motion to disqualify counsel. The writ will issue only if the district court fails to comply.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Filed:   February 20, 2019