# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00208-CV

---

### In re Chao-Qun Lu

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Chao-Qun Lu has filed a petition for writ of mandamus complaining of the trial court's denial of his motion to show authority and motion to disqualify counsel. Mandamus is an extraordinary remedy that will issue only if the trial court has clearly abused its discretion and no adequate remedy by appeal exists. *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding).

This mandamus proceeding arises out of a dispute between Relator Lu and Yong Yu regarding the ownership of Chao Qun Restaurant Group LLC ( the "LLC"). When the LLC encountered financial difficulties and was at risk of foreclosure by its lenders, the LLC entered into a promissory note with Yu, which *inter alia* provided that Yu agreed to lend funds to the LLC and the parties would (after Yu satisfactorily completed his due diligence in connection with the LLC's business) enter into an agreement whereby Yu would acquire 65% of the membership interest in the LLC. Relator and Yu thereafter executed a membership interest purchase agreement and a first amended and restated operating agreement.

After disputes arose among the parties to this original proceeding and third parties arising out of those contractual documents, Yu and the LLC filed the underlying lawsuit against

Relator. Relevant to this mandamus proceeding, Relator filed a Rule 12 motion to show authority and motion to disqualify counsel of the LLC. Relator challenged Yu's authority to hire legal counsel for the LLC and the law firm's dual representation of Yu and the LLC. The trial court denied the motion March 23, 2022, and this mandamus proceeding followed.

Having reviewed the petition and the relevant record before us, we must deny mandamus relief. Relator complains that Yu and the LLC are opposing parties with adverse interests and therefore legal counsel is disqualified under Rule 1.06 and Rule 1.12. *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.06(a) ("A lawyer shall not represent opposing parties to the same litigation."); *id*. R. 1.12 & cmt.5 (cautioning that an attorney can only represent a director/officer if Rule 1.06 is satisfied). Relator can only point to the possibility of adversity between the LLC and Yu, which is insufficient to demonstrate attorney disqualification grounds. *See In re Luecke*, 569 S.W.3d 313, 317 (Tex. App.—Austin 2019, orig. proceeding) ("Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice."). Furthermore, potential adversity between the LLC and Yu rides on the ultimate merits of the parties' contractual dispute, but many factual issues remain to be decided. *See In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding) ("It is well established Texas law that an appellate court may not deal with disputed areas of fact in an original mandamus proceeding.").

Relator also seeks mandamus relief as to the denial of the Rule 12 motion to show authority, but Relator has not shown how he lacks an adequate remedy by appeal. *In re Murrin Bros.*, 603 S.W.3d at 6162.

Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Filed: June 7, 2022