# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00158-CV

---

**In re Bradfield Heiser, on his own behalf and as derivative claimant on behalf of Bradfield Ventures Property Group, LLC, and Bradfield Ventures, LLC, on its own behalf and as derivative claimant on behalf of Ellis BV Investors, LLC, Cirque Park SF Land Purchase GP LLC, and Bowen @ Cirque Land Purchase GP LLC**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

## O P I N I O N

Relators, Bradfield Heiser and Bradfield Ventures, LLC, petition us for a writ of mandamus compelling the trial court to reverse and vacate its order disqualifying their counsel of record, Kevin Terrazas, from representing them in the proceedings below. We conditionally grant the writ.

The underlying dispute is between two business partners, Bradfield Heiser and Cullen Loeffler, who jointly own several closely held limited liability companies in the real-estate business. The suit began when Loeffler sued Heiser to recover commission fees for various real-estate deals completed on behalf of one of the LLCs. Heiser then retained Terrazas, who filed a pleading containing claims asserted directly by both Heiser and the LLCs, the latter of whom the pleading designated as third-party plaintiffs. Loeffler moved to disqualify Terrazas, arguing Terrazas's representation of both Heiser and the LLCs violated the rule against dual representation, characterizing Heiser's and the LLCs' interests as adverse to each other.

Terrazas then filed an amended pleading that nonsuited the LLCs and replaced their claims with substantively identical derivative claims asserted by Heiser, thereby extinguishing any perceived conflict. *See* Tex. Bus. Orgs. Code § 101.463(c)(1) (permitting "a derivative proceeding brought by a member of a closely held limited liability company [to] be treated by a court as a direct action brought by the member for the member's own benefit" when "justice requires").

At a hearing on the disqualification motion, Loeffler conceded that Terrazas would not have violated the rule against dual representation had he asserted the derivative claims in the original pleading. But because of his initial pleading error, Loeffler insisted, there arose an irrebuttable presumption that Terrazas had engaged in improper dual representation and had to be disqualified.

We disagree. To determine whether a lawyer violates the rule against dual representation in suits such as this one, we do not "labor over which party label applies to [the] compan[ies]" but rather "look to whether the substance of the challenged representation requires the lawyer to take conflicting positions or to take a position that risks harming one of his clients." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 58 (Tex. 2019) (orig. proceeding). By attributing disqualifying force to a mere pleading error, Loeffler's position inverts the analysis, elevating labels over substance.

Because Loeffler failed to present the trial court with evidence that simultaneously asserting Heiser's direct and derivative claims requires Terrazas to take conflicting positions or a position that is adverse to Heiser or the LLCs, we hold the trial court's disqualification order was a clear abuse of discretion for which there is no adequate remedy by law. Therefore, we conditionally grant the writ.

2

## BACKGROUND

In this original mandamus proceeding, the underlying dispute is between two business partners, Bradfield Heiser and Cullen Loeffler. Heiser and Loeffler are both in the real-estate business. Heiser is a real-estate broker and the manager of Bradfield Ventures, LLC (collectively, "Heiser," unless otherwise indicated). Loeffler is a real-estate agent and the manager of Loeffler Realty, LLC (collectively "Loeffler," unless otherwise indicated).

### *Heiser and Loeffler form various real-estate joint ventures*

In 2019, Heiser and Loeffler formed a real-estate joint venture, Bradfield Ventures Property Group, LLC ("the Bradfield JV"). Specifically, they formed the Bradfield JV to acquire, develop, sell, and lease rural real estate for agricultural and commercial purposes. Heiser and Loeffler each own a 50% membership interest in the Bradfield JV. The Bradfield JV is governed by a company agreement, which Heiser and Loeffler both signed as managers.

In the years following the formation of the Bradfield JV, Heiser and Loeffler formed three other real-estate joint ventures through their respective LLCs: (1) Ellis BV Investors, LLC ("the Ellis JV"), (2) Bowen @ Cirque Land Purchase GP LLC ("the Bowen JV"), and (3) Cirque Park SF Land Purchase GP LLC ("the Cirque Park JV") (collectively, "the Development JVs"). Heiser and Loeffler formed these JVs to develop several multi-family residential real-estate projects. They each own an 11.4006% membership interest in the Ellis JV,[1] a 50% membership interest in the Bowen JV, and a 50% membership interest in the Cirque Park JV. Like the Bradfield JV, the Development JVs are governed by company agreements.

---

[1] The Ellis JV has five other members, none of whom are involved in the underlying suit.

The Ellis JV company agreement lists both Heiser and Loeffler as managers, whereas the Bowen JV and the Cirque Park JV company agreements list only Heiser.

### *Heiser and Loeffler's relationship sours, and Loeffler leaves the joint ventures*

The record indicates that, at some point, Heiser and Loeffler's relationship soured. In March 2024, Loeffler informed Heiser of his intent to withdraw from the various joint ventures, and a dispute arose between the parties over the commission fees owed to Loeffler for work performed on behalf of the Bradfield JV.

The Bradfield JV company agreement contains a provision establishing a commission-fee structure for various categories of real estate. It provides that, for farm-and-ranch commissions, "[a]ny amount over and above [Loeffler's] Initial Commission Fee shall be split evenly (50/50) between the Managers." Whether this provision accurately reflects the parties' intent is a matter of dispute. It is undisputed, however, that over the course of the venture, Loeffler received 80% of the amounts over and above his initial commission fee, not 50% as set forth in the provision.

Loeffler alleges that after he informed Heiser of his intent to withdraw, Heiser accused him of having been overpaid commission fees, demanded a refund as part of a compensation reconciliation, refused to pay him the remaining fees and proceeds he was owed, and removed him from the Bradfield JV bank account.

### *Loeffler sues Heiser over his commission fees*

In July 2024, Loeffler sued Heiser. In his petition, Loeffler sought declarations that he is entitled to retain all commission fees he received over the course of the Bradfield JV and that Heiser is estopped from asserting any rights under the company agreement's

4

commission-fee-structure provision because he intentionally and consistently paid Loeffler in a manner inconsistent with the provision. Loeffler also asserted a claim for breach of contract, alleging that Heiser has wrongfully retained Loeffler's fees and proceeds from various real-estate deals.

***Heiser retains Terrazas, who files claims on behalf of both Heiser and the JVs***

Heiser retained Terrazas to represent him in the lawsuit against Loeffler. In October 2024, Terrazas filed Heiser's original pleading. The original pleading contained Heiser's general denial and affirmative defenses, declaratory-judgment action, and counterclaims for breach of contract and breach of fiduciary duty. The original pleading also contained claims asserted by the Bradfield JV and the Development JVs, which the pleading designated as third-party plaintiffs. Specifically, the pleading contained a claim for common-law service-mark infringement asserted by the Bradfield JV, which alleged that Loeffler had been using a service mark similar to the one used by the JV. And the pleading contained claims for breach of fiduciary duty asserted by the Development JVs, which alleged that Loeffler had breached his fiduciary duties to them by failing to make capital contributions, sign subcontractors, or generally participate in the projects.

***Loeffler amends his pleading to accuse Heiser of breaching his fiduciary duty to the JVs and moves to disqualify Terrazas***

Loeffler then filed an amended petition, which added claims for breach of fiduciary duty. These new claims were asserted directly by Loeffler himself as well as derivatively on behalf of the Bradfield JV and the Ellis JV. In the amended petition, Loeffler alleged that Heiser breached his fiduciary duty to the Bradfield JV by transferring funds from the company's account to his personal account and by firing the company's sales agents for the sole

5

purpose of devaluing the JV as a form of retaliation against Loeffler. Loeffler further alleged that Heiser breached his fiduciary duty to the Ellis JV by making an unnecessary capital call for the sole purpose of putting Loeffler in breach of the Ellis JV company agreement, as Heiser knew Loeffler lacked the funds to answer the call.

Shortly after filing his amended petition, Loeffler filed a motion to disqualify Terrazas as counsel for Heiser, the Bradfield JV, and the Development JVs.[2] Loeffler argued that Terrazas had to be disqualified because his representation of Heiser, on the one hand, and the JVs, on the other hand, violated the rule against dual representation, as evidenced by Loeffler's allegations that Heiser had breached his fiduciary duty to the Bradfield JV and to the Ellis JV. Loeffler further argued that Terrazas lacked authority to represent the JVs because the JVs' members never voted to retain him as required by the JV company agreements. Loeffler asserted that, as co-manager of the Bradfield JV and the Ellis JV, he did not authorize and did not consent to Terrazas's representation.

### Terrazas nonsuits the JVs and converts their claims into derivative claims asserted by Heiser

After Loeffler filed his motion to disqualify, Terrazas filed an amended pleading, which nonsuited the Development JVs and replaced their claims with substantively identical derivative claims asserted by Heiser on their behalf. Terrazas then filed a response to the disqualification motion, arguing that the amended pleading had mooted the issue, as Texas law expressly permits the member of a closely held LLC to bring claims both individually and

---

[2] Loeffler also filed a Rule 12 motion to show authority. *See* Tex. R. Civ. P. 12 ("A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act."). The trial court did not rule on this motion, and we do not consider it here.

derivatively on the LLC's behalf.  In such derivative litigation, Terrazas explained, a lawyer may represent the member without violating the rule against dual representation even though the other members may ultimately prevail and thereby prove a conflict between the LLC and the member the lawyer represents.

### *The trial court disqualifies Terrazas*

The trial court held an evidentiary hearing on Loeffler's motion to disqualify.  At the hearing, Heiser testified that he had paid Terrazas's legal fees with his personal funds, not funds from any of the JVs.  He further testified that all information provided to Terrazas to develop a legal strategy in this case had come from him and not from the JVs' books and records.

At the close of the hearing, Loeffler's attorneys conceded that the alleged conflict would not exist had Terrazas simply filed derivative claims in the first place.  But because he initially filed direct claims, they argued, there arose an irrebuttable presumption that he had improperly obtained confidential information and had to be disqualified.  Terrazas responded that, as a practical matter, applying an irrebuttable presumption under these circumstances made no sense.  Replacing the direct claims with derivative claims did not affect the substance of his representation:  In either case, the information received came from Heiser, and the allegations made against Loeffler remained the same.

After the hearing, the trial court granted Loeffler's motion and ordered that Terrazas be disqualified from representing Heiser, the Bradfield JV, or the Development JVs.  Heiser then filed this original proceeding seeking relief from the order.

7

**ATTORNEY DISQUALIFICATION**

In his sole issue, Heiser contends the trial court's disqualification order is a clear abuse of discretion for which he has no adequate remedy on appeal.

*Standard of review & applicable law*

Mandamus is an extraordinary remedy. *In re Murrin*, 603 S.W.3d at 56. It will issue to correct a clear abuse of discretion only when there is no adequate appellate remedy. *Id.* There is no adequate appellate remedy for the erroneous disqualification of counsel. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam); *In re Luecke*, 569 S.W.3d 313, 317 (Tex. App.—Austin 2019, orig. proceeding). Thus, the pertinent inquiry here is whether the trial court clearly abused its discretion in disqualifying Terrazas. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles. *Id.*

"Disqualification of counsel is a severe remedy that can result in significant expense to clients, disrupt the orderly progress of litigation, and deprive a party of the counsel of its choice." *In re Murrin*, 603 S.W.3d at 57. Thus, "courts must adhere to an exacting standard when considering motions to disqualify . . . ." *In re Luecke*, 569 S.W.3d at 317 (quoting *Spears v. Fourth Ct. of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding)). "Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice." *Id.*

In deciding disqualification issues, our disciplinary rules "provide helpful guidance" and "suggest the relevant considerations." *In re Murrin*, 603 S.W.3d at 57 (quoting

*National Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 132 (Tex. 1996) (orig. proceeding)). But they are not dispositive. Ultimately, the court "must consider all the facts and circumstances to determine whether the interests of justice require disqualification." *In re Murrin*, 603 S.W.3d at 57 (quoting *In re Meador*, 968 S.W.2d 346, 350 (Tex. 1998) (orig. proceeding)).

*Analysis*

Heiser contends that the issue presented in his mandamus petition is resolved by the straightforward application of controlling Texas Supreme Court precedent, *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53 (Tex. 2019) (orig. proceeding). We agree.

*Murrin* addresses when a lawyer violates the rule against dual representation in shareholder-derivative suits involving a closely held limited liability company.[3] *Id.* at 57–58. It stands for a commonsense proposition: The lawyer does not violate the rule simply by representing a shareholder who brings claims both directly on his own behalf and derivatively on behalf of the company, even though the other side may ultimately prevail and thereby prove a conflict between the respective interests of the shareholder and the company. *See id.* at 57–59.

This is because in such suits both sides will claim to be aligned with the company and acting on its behalf, and the side with which the company is truly aligned can be determined only through resolution of the merits of each side's respective claims. *See id.* at 58–60. Because both sides purport to sue on behalf of "the company," the individual shareholders are not opposing parties to the company creating a conflict of interest with their chosen counsel. *See id.*

---

[3] The rule against dual representation, also known as the rule against conflicts of interest, prohibits a lawyer from taking on a representation that is adverse to a current or former client in the same or a substantially related matter. *See In re Thetford*, 574 S.W.3d 362, 373 (Tex. 2019) (orig. proceeding); *see also* Tex. Disciplinary Rules Prof'l Conduct R. 1.06, 1.09, *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9).

Indeed, in such suits, the derivative claims can be more accurately treated as direct claims brought for the shareholder's own benefit, thereby extinguishing any perceived conflict altogether. *Id.* at 60; *see* Tex. Bus. Orgs. Code § 101.463(c) ("[I]f justice requires: a derivative proceeding brought by a member of a closely held limited liability company may be treated by a court as a direct action brought by the member for the member's own benefit.").

Still, in such suits, a lawyer's representation of a shareholder bringing individual and derivative claims will be held to violate the rule against dual representation if the shareholder and the company are truly adverse under the circumstances. *Id.* at 59. To make this determination, a court should not "labor over which party label applies to [the] company" but rather "look to whether the substance of the challenged representation requires the lawyer to take conflicting positions or to take a position that risks harming one of his clients." *Id.* at 58.

Applying these principles here, we start with the fact that Terrazas represents Heiser, who has asserted claims both directly on his own behalf and derivatively on behalf the JVs. Under *Murrin*, Terrazas's representation does not, in and of itself, violate the rule against dual representation. Instead, Terrazas's representation violates the rule only if it requires him to take conflicting positions or a position that is adverse to either Heiser or the JVs. But that is not the case. Terrazas's consistent position has been that Heiser acted in the JVs' interests and that it was Loeffler who breached his fiduciary and contractual duties to the JVs and to Heiser. If Heiser ultimately prevails, his interests will be shown to be truly aligned with the JVs. And for purposes of the disqualification motion, the trial court could have treated the derivative claims as claims brought by Heiser for his own benefit.

Loeffler concedes that Heiser may assert claims individually and derivatively on the JVs' behalf. Loeffler nevertheless insists that Terrazas's representation of Heiser violates the

10

rule against dual representation because the original pleading filed by Terrazas not only contained claims brought by Heiser; it also contained claims brought directly by the JVs:

> Loeffler does not dispute Heiser's ability to assert derivative claims, and had Heiser, through Terrazas, brought derivative claims initially, this irreconcilable conflict would not have occurred. Because of his prior representation of the companies, Terrazas, cannot represent [Heiser] in derivative claims against one of the managing members without requisite authority. This conflict does not simply "vanish" just because Terrazas converted the direct claims to derivative claims.

In other words, it is Loeffler's position that *Murrin* is distinguishable because of the discrepancy between the original and amended pleadings filed by Terrazas and that the difference between the labels of the claims in the two pleadings (direct claims brought by the JVs versus derivative claims brought by Heiser on the JVs' behalf) is material to determining whether Terrazas violated the rule. We disagree.

To attribute disqualifying force to this pleading discrepancy would contravene the Supreme Court's instruction to examine the "substance" of Terrazas's "challenged representation." *Id.* And substantively, there is no difference between the direct claims and the derivative claims: both are made against the same parties and based on the same allegations. The only difference is the procedural mechanism by which the claims were asserted.

Because Loeffler has failed to show that the substance of Terrazas's challenged representation requires Terrazas to take conflicting positions or a position adverse to either Heiser or the JVs, we hold the trial court clearly abused its discretion in granting Loeffler's motion to disqualify Terrazas and that Heiser has no adequate remedy by appeal.

11

## CONCLUSION

We conditionally grant mandamus relief and order the trial court to vacate the part of the trial court's order disqualifying Terrazas from representing Heiser. The writ will issue only of the trial court fails to comply.

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Filed:  April 18, 2025